**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JENAI HAYES,<br><br>Plaintiff,<br><br>v.<br><br>TIFFANY WOODLEY,<br><br>Defendant. | Case No. 26-2103-HLT-JBW |

**DISCOVERY CONFERENCE ORDER**

On September 1, 2026, U.S. Magistrate Judge Jennifer B. Wieland conducted a pre-motion discovery conference by videoconference in accordance with D. Kan. Rule 37.1(a) concerning two discovery disputes raised by the parties. Plaintiff Jenai Hayes appeared through counsel Joshua A. Decker and Olawale O. Akinmoladun. Defendant Tiffany Woodley appeared through counsel Brody Sabor. Prior to the discovery conference, the parties emailed chambers their position statements and copies of the disputed discovery requests and responses. This Order summarizes the discovery disputes discussed and memorializes the Court's rulings.

1. The parties sought the Court's guidance regarding the following two discovery disputes related to Defendant's Responses and Objections to Plaintiff's First Requests for Production of Documents ("RFPs"):

   a. Plaintiff's request that Defendant be required to organize and label her document production to correspond to the categories in Plaintiff's RFPs; and

b. Defendant's objection to the RFPs' defined term "Trust"[1] as overbroad.

2. The Court provided its guidance to the parties with respect to the first dispute. Fed. R. Civ. P. 34(b)(2)(E)(i) states that a party "must produce documents as they are kept in the usual course of business" or "must organize and label them to correspond to the categories in the request." Defendant argued this directive only applied to hard-copy documents and not to electronically stored information ("ESI"). The Court disagrees. The directive in Fed. R. Civ. P. 34(b)(2)(E)(i) applies to both hard-copy documents and ESI. *See MGP Ingredients, Inc. v. Mars, Inc.*, No. 06-2318-JWL-DJW, 2007 WL 3010343 at *4 n.12 (D. Kan. Oct. 15, 2007) (the 2006 amendments to Rule 34 "make it clear that the requirement that a party produce *documents* as they are kept in the usual course of business or organize and label them to correspond with the categories in the requests applies equally to *ESI*") (emph. in original). Defendant argued her production complies with the "usual course of business" requirement but conceded the parties have not adequately conferred on that question. The Court advised that, on the current record, Defendant has not met her burden to show that documents were produced as kept in the usual course of business. Defendant now has two options: either (1) serve supplemental responses that identify by

---

[1] The RFPs define "Trust" as: "The Revocable Trust Agreement of Jimmy L. Woodley dated May 4, 2004, a copy of which is attached as Exhibit A to the Complaint, together with the Family Trust, the Marital Trust, any Descendants' Separate Trust, and any other subtrust created under or pursuant to its terms, whether currently in existence or terminated." Pl.'s RFPs at 2.

Defendant objected to the defined term "Trust" as follows: "As explained in Defendant's Motion to Dismiss briefing, Defendant firmly rejects any assertion that the Woodley Trust and subtrusts created within the Woodley Trust Agreement, including the Family Trust, are one and the same. Plaintiff does not dispute that her beneficial interest stems solely from the Family Trust and her separate [Descendent] subtrust created under the Family Trust—not the Woodley Trust. (Complaint ¶¶ 20, 23; Woodley Trust Agreement Article IX). Defendant accordingly objects to any definition of the Trust that includes any trust, entity, or individual not defined in Article IX of the Woodley Trust Agreement, and to any requests targeting assets, property, expenses, or liabilities never owned by the Family Trust and in which Plaintiff holds no beneficial interest. Such an expansive definition of Trust and the resulting broad requests extending far beyond Plaintiff's beneficial interests are thus overly broad and not reasonably calculated to lead to the discovery of admissible evidence." Def.'s Resps. & Objs. to RFPs at 2.

Bates number the documents produced that are responsive to each RFP; or (2) provide Plaintiff with more information to support her assertion that the documents were produced as kept in the usual course of business. The Court further advised that to the extent Defendant elects option (2), she should review *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 540–41 (D. Kan. 2006) ("a mere assertion that [documents were produced as they are kept in the ordinary course of business] is not sufficient to carry [the] burden"), and additional District of Kansas case law regarding a party's burden to establish documents were produced as kept in the usual course of business. Plaintiff agreed additional meet and confer was merited on whether Defendant had produced her documents as kept in the usual course of business. The Court granted the parties' request for additional time to confer on this issue and extended Plaintiff's deadline to file any motion to compel on this dispute to **September 30, 2026**. Plaintiff is not required to request an additional discovery conference before filing a motion to compel on this dispute.

3. After hearing the parties' arguments on the second dispute regarding the defined term "Trust," the Court concluded that this discovery dispute is so closely tied to issues raised in Defendant's Motion to Dismiss (Dkt. 9) that it should be held in abeyance until the District Judge rules on that motion. After the District Judge rules on the motion, the parties may renew their conferring efforts and, if necessary, request an additional discovery conference on this dispute to be considered in the context of that ruling.

4. Plaintiff also inquired regarding the potential impact on case deadlines of holding in abeyance the second discovery dispute. The Court directed the parties to confer and file a motion requesting any necessary extensions of the case deadlines.

5. Plaintiff also advised that, as a result of not receiving documents regarding the assets of the Woodley Trust and the distribution and valuation of those assets, she did not comply

with the deadline set in the Scheduling Order (Dkt. 17) to submit a good-faith settlement proposal to Defendant by August 14, 2026. Accordingly, no good-faith settlement counter-proposal was made by Defendant by August 28, 2026. The Court directed the parties to comply with the remaining deadlines regarding Alternative Dispute Resolution (ADR) in the Scheduling Order, in particular the September 11, 2026 deadline to either file a joint mediation notice or email confidential settlement reports to the undersigned Magistrate Judge's chambers.

IT IS SO ORDERED.

Dated September 2, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge